# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 8:06-CR-349-T-30MAP

JEROME TARVER,

    Defendant.
_____/

## ORDER

This Cause comes before the Court upon Defendant's's *pro se* Motion Seeking Reconsideration in a Relation Back Amendment Proceeding or in the Alternative, Motion to Vacate Judgment Without Upsetting the Comity Principle Within the Context of Fed. R. Civ. P., Rule 60(b)(6) (CR Dkt. 325). The Court has considered the motion and determines the motion must be denied.

## BACKGROUND

On November 2, 2006, Defendant pled guilty, pursuant to a written plea agreement (CR Dkt. 123), to conspiracy to possess with intent to distribute 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846. On April 25, 2007, this Court sentenced Defendant to 188 months of imprisonment to be followed by a 60-month period of supervised release. This sentence was based on the career offender enhancement pursuant to § 4B1.1 of the United States Sentencing Guidelines

("USSG").[1] Defendant had two prior convictions that qualified him for the career offender enhancement: (1) Resisting an Officer with Violence and Battery of a Law Enforcement Officer; and (2) Resisting an Officer with Violence. Defendant did not object to the factual accuracy of the Presentence Report ("PSR") and did not object to the application of the USSG. Defendant did not file an appeal. Defendant's sentence was later reduced twice, at the request of the Government, for substantial assistance under Fed. R. Crim. P. 35. On April 14, 2009, this Court amended the judgment reducing his incarceration to 151 months, and, on October 12, 2010, to 130 months. (CR Dkt. 268 and 294).

On November 10, 2010, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, (CV Dkt. 1), and a memorandum in support (CV Dkt. 2). The Government filed a response on January 14, 2011, and Defendant replied on January 31, 2011. In its order on June 20, 2011, (CV Dkt. 7), this Court dismissed Defendant's § 2255 motion as time barred.

Additionally, the Court stated that Defendant was not actually innocent of being a career offender for several reasons: (1) Defendant was not actually innocent of being a career offender as that designation was not a separate offense from Defendant's previous convictions; (2) Defendant was not factually innocent of the charges to which he pled guilty, a determination bolstered by his failure to dispute the factual findings or the applications of the USSG in the PSR the Court adopted; (3) Defendant's two prior convictions served as

---

[1] Any cases dealing with enhancements under the Armed Career Criminal Act ("ACCA") may be relied upon in the context of enhancements pursuant to the USSG since the Eleventh Circuit has held that "decisions about one apply to the other[,]" as "the definition of 'crime of violence' for purposes of the career offender enhancement of § 4B1.1" of the USSG, is "virtually identical" to its definition in the ACCA. *Turner v. Warden Coleman FCI (Medium)*, ___ F.3d ___, *5 n.4 (11th Cir. 2013) (quoting *Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1001 (2012)).

proper predicates for qualifying Defendant as a career offender; and (4) the Supreme Court case Defendant relied on in part, *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010), did not support Defendant's motion. The Court also found Defendant's written plea agreement, wherein he waived his right to collaterally attack his sentence, barred him from appealing his sentence. The Court concluded its order, (CV Dkt. 7), by noting that were it to rule upon the merits, Defendant's motion would still fail as he was not actually innocent of being a career offender.

Subsequently, on June 29, 2011, Defendant filed a motion pursuant to Fed. R. of Civ. P. Rule 59(e) asking the Court to alter or amend its judgment dismissing his § 2255 motion. The Court denied that Rule 59(e) motion on November 1, 2011, and on December 16, 2011, Defendant filed a notice of appeal, seeking a certificate of appealability ("COA") regarding this Court's denial of his § 2255 and Rule 59(e) motions. On March 7, 2012, the Eleventh Circuit Court of Appeal denied Defendant's request for a COA. Prior to that denial, Defendant filed another appeal, which the Eleventh Circuit dismissed on January 31, 2012, upon Defendant's motion for voluntary dismissal.

Defendant filed the instant Rule 60(b)(6) motion (CR Dkt. 325)[2] on March 19, 2013. Due to his plea agreement waiver of the right to collaterally challenge his sentence and the

---

[2] Although Defendant asks the Court to reconsider its dismissal of his § 2255 motion under Rule 15(c)(1)(B) or Rule 60(d)(1), the Court will only consider Defendant's motion pursuant to Rule 60(b)(6). Defendant's motion is not proper under Rule 15(c)(1)(B) as Defendant's instant motion is not an amendment that can be related back to his dismissed § 2255 motion. As the Court's denial of Defendant's instant motion works no miscarriage of justice, let alone a "grave miscarriage of justice," an independent equitable action under Rule 60(d)(1) is not proper either. *United States v. Beggerly*, 524 U.S. 38, 46 (1998). Defendant has not demonstrated that relief is required in order to prevent a grave miscarriage of justice.

lack of any extraordinary circumstances warranting Rule 60(b)(6) relief in his case, Defendant's motion is denied.

## DISCUSSION

In the instant motion, Defendant argues in part that the Court should vacate its prior judgment denying Defendant's § 2255 motion in light of extraordinary circumstances, an intervening change of law. Defendant relies upon *Rozier v. United States*, 701 F. 3d 681 (11th Cir. 2012). Specifically, Defendant argues that after this Court's denial on June 20, 2011, of his § 2255 motion, the Eleventh Circuit changed its prevailing circuit law by acknowledging that the Supreme Court's holding[3] in *Johnson* was retroactive. The Eleventh Circuit stated, "[W]e take it as a given[ ] that the Supreme Court's *Johnson* decision is retroactively applicable[,]" *Rozier*, 701 F.3d at 684, whereas, district courts within the circuit, including this Court, had previously found no Supreme Court or Eleventh Circuit precedent recognizing *Johnson* as retroactive on collateral review. *See Morris v. United States*, No. 8:10-cv-972-T-24 TBM, 2012 WL 1964105, at *1 *1 (M.D. Fla. May 31, 2012) (listing cases); (CV Dkt. 7).

Defendant asserts that statement by the Eleventh Circuit is a change in law that is an extraordinary circumstance warranting Rule 60(b)(6) relief in light of this Court's finding that *Johnson* was not retroactive in its order, (CV Dkt.7). He argues that if *Johnson* is indeed retroactive, then the start date for the statute of limitations for filing his § 2255 motion would

---

[3] In *Johnson*, the Supreme Court held that since one could be guilty of Florida's felony battery offense by any intentional physical contact, no matter how slight, that offense was not a violent felony under the ACCA. *Johnson*, 133 S. Ct. at 1268-69, 1274.

have begun on the date the Supreme Court decided *Johnson*, March, 2, 2010. In that situation, his § 2255 motion would not have been time barred as this Court held.

**Rule 60(b)(6)**

Rule 60(b)(6) authorizes relief for "any other reason justifying relief from the operation of the judgment." The Eleventh Circuit recently gave a detailed summary regarding Rule 60(b)(6), stating that in *Gonzalez v. Crosby*, 545 U.S. 524 (2005),

> the Supreme Court recognized that "Rule 60(b) has an unquestionably valid role to play in habeas cases." 545 U.S. at 534. More specifically, a Rule 60(b) motion challenging only a district court's prior ruling that a habeas petition was time barred "is not the equivalent of a successive habeas petition" and may qualify for Rule 60(b) relief. *Id.* at 535-36. However, "relief under Rule 60(b)(6) . . . requires a showing [of] 'extraordinary circumstances.'" *Id.* at 536. Relief from "judgment under Rule 60(b)(6) is an extraordinary remedy." *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996) (citing *Ritter v. Smith,* 811 F.2d 1398, 1400 (11th Cir. 1987)). "Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1317 (11th Cir. 2000) (alteration in original) (quoting *Booker,* 90 F.3d at 442) (internal quotation marks omitted).

*Banks v. Sec'y, Florida Dept. of Corr.*, 491 F. App'x 966, 969 (11th Cir. 2012) (alteration in original) (citations omitted).

It is also important to note that a Rule 60(b) motion is not a proper substitute for a timely appeal. *See Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977) (stating "[m]ost of the appellant's points could have been raised through the orderly process of appeal, and we are at a loss to explain his failure to prosecute his appeal[;] [b]ut a 60(b) motion is not a remedy for one who fails to prosecute his rights[,]" and, "A 60(b)(6) motion is an extraordinary remedy; like the 60(b) motion generally, it is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal."); *See also* Cavaliere *v. Allstate Ins.*,

996 F.2d 1111, 1115 (11th Cir. 1993) (quoting *Burnside v. Eastern Airlines*, 519 F.2d 1127, 1128 (5th Cir. 1975) ("The well-recognized rule . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.")); *White v. Jones*, 408 Fed. App'x 293 (11th Cir. 2011) (noting defendant's attempt "to gain a second chance at a timely appeal through a Rule 60(b) motion" was disallowed).

Especially in light of Defendant's failure to appeal the Eleventh Circuit's denial of a COA, this Court determines the asserted change in law is not an extraordinary circumstance warranting relief pursuant to Rule 60(b)(6).[4] *See Gonzalez*, 545 U.S. at 536 (finding no extraordinary circumstances pursuant to Rule 60(b)(6) when "[t]he District Court's interpretation [of the AEDPA statute of limitations] was by all appearances correct under the Eleventh Circuit's then prevailing interpretation" of the law, and "[i]t [was] hardly extraordinary that subsequently, . . . th[e] [Supreme] Court arrived at a different interpretation."); *Ritter*, 811 F.2d at 1401 (stating one must demonstrate a combination of factors, including a change in law, gives rise to extraordinary circumstances); *Santiago-Lugo v. Warden, FCC Coleman-USP-1*, 392 Fed. App'x 675, 677 (11th Cir. 2010) (quoting *Ritter*, 811 F.2d at 1401 (11th Cir. 1987)) (internal quotation marks omitted) (unpublished) (finding a petitioner who relied only on changes in law without pointing to additional factors

---

[4] Defendant assumes, and we do not challenge for the purposes of this decision, that the Eleventh Circuit's statement in *Rozier*, that the Eleventh Circuit takes it as a given *Johnson* is retroactively applicable, is an actual change in law and not mere dicta. But, in a case decided approximately one month after *Rozier,* the Eleventh Circuit again addressed the contention that *Johnson* was retroactive, stating then, "The government concedes, *and we assume for purposes of this appeal*, that the decision in *Johnson* is retroactively applicable[.]" *Crawford v. United States*, No. 11-15575, 2012 WL 6621306, at *1, *2 (11th Cir. Dec. 18, 2012) (emphasis added) (unpublished). The Eleventh Circuit's refusal, so soon after *Rozier,* to find explicitly that *Johnson* was retroactive leaves doubt whether *Johnson* is indeed retroactive. *See also Gibson v. Warden, FCC Coleman-Medium*, No. 5:10-cv-325-OC-10PRL, 2013 WL 1212812, at *1, *2 & n.2 (M.D. Fla. Mar. 25, 2013) (citation omitted) (stating "Defendant can not demonstrate that *Johnson* is retroactive and the Court finds otherwise[,]" and, in a footnote to that statement, "The Court rejects the government's position that *Johnson* applies retroactively.").

"presented insufficient reasons to justify Rule 60(b) relief[,]" since "something more than a mere change in the law is necessary to provide the grounds for Rule 60(b)(6) relief.").

**Plea Agreement Waiver**

Furthermore, as the Court stated in the previous order denying Defendant's § 2255 motion, Defendant is barred, pursuant to his written plea agreement, from collaterally challenging his sentence except on three grounds, none of which are present here since his sentence: (a) does not exceed the applicable USSG range as determined by the Court, (b) does not exceed the statutory maximum penalty, and (c) does not violate the Eighth Amendment to the Constitution.

**Merits**

Even if the Court granted Defendant the Rule 60(b)(6) relief he seeks from its dismissal of his § 2255 motion and then considered his § 2255 motion on its merits, Defendant's § 2255 motion would still be denied. In addressing the merits of Defendant's dismissed § 2255 motion, this Court previously stated:

> Although it is clear that this case must be dismissed, brief reference will be made to the merits by way of explanation to the petitioner. Tarver asserts that he is actually innocent of the separate offense of being a career offender. This argument fails for the reasons discussed above, namely, that actual innocence applies to factual innocence of the crime, not to application of sentencing guidelines. Tarver's prior convictions are proper predicates for a determination of career offender status. Tarver is not actually innocent of being a career offender.

(CV Dkt. 7, 6). The Court's reasoning there remains true today. Defendant's § 2255 motion would still fail upon its merits if it were not time barred.

## CONCLUSION

Defendant's motion is denied in light of his waiver of the right to collaterally appeal his sentence, his failure to demonstrate any extraordinary circumstances warranting Rule 60(b)(6) relief, and the continued failure of his argument on the merits.

It is therefore **ORDERED** and **ADJUDGED** that:

1.	Defendant's Motion Seeking Reconsideration in a Relation Back Amendment Proceeding or in the Alternative, Motion to Vacate Judgment Without Upsetting the Comity Principle Within the Context of Fed. R. Civ. P., Rule 60(b)(6) (CR Dkt. 325) is DENIED.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a COA. "It is still the law of [the Eleventh] [C]ircuit that 'a [COA] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)); *see El-Amin v. United States*, 172 F. App'x 942, 945 & n.2 (11th Cir. 2006).

"[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims," such as here, "a petitioner will be granted a [COA] 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong,' 366 F.3d at 1267, *accord Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added)."

*Jackson*, 473 F.3d at 1295 (footnote omitted) (citing *Gonzalez*, 366 F.3d at 1267) (citations omitted).

"These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id.* at 1295 (citing *Gonzalez,* 366 F.3d at 1268). Defendant has not made the requisite showing in these circumstances. In addition, Defendant is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2006\06-cr-349.reconsider 325.wpd